## Case No. 18,146.

### In re YOUNG.

[Betts, Scr. Bk. 95.]

District Court, S. D. New York. September, 1842.

BANKRUPTCY—DISCHARGE OF DEBTOR — OPENING DEFAULT DECREE.

[A delay of a month in moving to vacate a decree denying the bankrupt's discharge, which was rendered by default after full notice, is sufficient, under ordinary circumstances, to defeat the motion; but, in view of the fact that the bankruptcy law is about to be repealed, the court in this case permits the default to be opened on terms, in order that the bankrupt may not be finally debarred from bringing his case before the court.]

[In the matter of the bankruptcy of Daniel Young. The bankrupt moved to vacate a default decree denying his discharge.]

BETTS, District Judge. This motion, first brought on the 7th inst., was further supported by affidavits served the 14th, and afterwards presented to the court. On the 3d December last, a decree by default was taken in behalf of creditors denying the petition of the bankrupt for a discharge. The proceedings by the creditors were open and perfectly regular, and no suggestion is made that the bankrupt or his counsel were unapprised of the decree immediately after it was pronounced. On the 4th of January notice is served on the attorney of the creditors that a motion will be made to vacate the default and decree, because taken in surprise of the bankrupt, his counsel being absent from court, when the

bankrupt expected and relied upon his attendance to the case. On the 14th the supplementary affidavit of the counsel for the bankrupt is furnished, stating that he did not attend personally to argue the cause, because there was a verbal understanding between him and the attorney for the creditors that both parties would submit the papers and proofs to the court without argument, and that he had confided in that understanding. The affidavit of the attorney for the creditors assents to this general understanding, and states his readiness at all times to have complied with it, and that he did actually submit the papers to the judge on the 2d December, the decree being recorded the succeeding day, but that the bankrupt's counsel never offered any papers on his part, and, as the attorney understood and believes, because the counsel considered the case on the proofs desperate on the part of the bankrupt.

There is no doubt of the competency of the court to open a default of this character, when the decree works no change in the situation of the parties; not but that this would be a proper case for relief if it had been pursued with any color of diligence. No excuse is offered to the court accounting for a delay of a full month after the decree was entered before taking measures to be relieved from it, nor for omitting, in the first instance, to present the affidavit of the counsel explaining the cause of the default.

The proceedings on the part of the bankrupt have been exceedingly remiss, and disregardful of the well-known rules of practice; and this circumstance would be sufficient to induce the court to deny the present application, but that, from the existing situation of the law, it is doubtless to be immediately repealed, and the bankrupt may be debarred the opportunity of ever bringing his case in any other manner before the court. To save him, therefore, from the hazard of losing any possible redress, I shall stretch the equity of the court so far as to open this default, but only upon the condition that the costs of the default be paid, and the creditors' disbursements of the commissioner for taking proofs be deposited in court, to abide the final hearing, and to be paid to the creditors if the bankrupt is defeated, and restored to him if he succeeds on such final hearing. Unless the conditions of this order are so complied with that the case can be put on the docket on Thursday, the 26th inst., it is to be understood as of no longer force.